UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARRIE A. ANDERSON, individually and as Personal Representative of the Estate of Kirk Daniel Powless, et al.,

Plaintiffs,

v.

WHATCOM COUNTY, et al.,

Defendants.

C20-1125 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   The following materials, which were filed by the parties in the public docket, but which contain the full names of minors, dates of birth of individuals, and/or entire social security numbers, have now been sealed by the Court:

- Report of Donna L. Schuurman, Ed.D., docket no. 54-5 (filed August 5, 2021)
- Report of Landon E. Poppleton, Ph.D., docket no. 56-4 (filed August 5, 2021)
- Report of Landon E. Poppleton, Ph.D., docket no. 57-4 (filed August 5, 2021)
- Reports of Landon E. Poppleton, Ph.D., docket no. 58-3 (filed August 5, 2021)
- Reports of Landon E. Poppleton, Ph.D., docket no. 61 (filed September 3, 2021)
- Rebuttal Report of Landon E. Poppleton, Ph.D., docket no. 62-1 (filed September 7, 2021)

MINUTE ORDER - 1

- Rebuttal Report of Donna L. Schuurman, Ed.D., docket no. 63-4 (filed September 7, 2021)

- Exhibit 17 to Declaration of Ryan D. Dreveskracht, docket no. 66-17 (filed September 10, 2021)

- Exhibit 38 to Declaration of Ryan D. Dreveskracht, docket no. 67-7 (filed September 10, 2021)

- Exhibit U to Declaration of Ramona N. Hunter, docket no. 99-21 (filed November 1, 2021)

In addition to having been filed in unredacted form for public view in violation of Local Civil Rule 5.2(a), the above-enumerated and other expert reports in this matter were submitted in breach of Federal Rule of Civil Procedure 5(d)(1)(A), which indicates that "disclosures under Rule 26(a)(1) or (2) . . . must not be filed until they are used in the proceeding or the court orders filing." The above-described disclosures of social security numbers were contrary to federal law. *See* 42 U.S.C. § 408(a)(8).

(2)   With regard to the full names and dates of birth of the minor plaintiffs, counsel for all parties disregarded Local Civil Rule 5.2(a), and the Court will not take further action, other than to require all attorneys to file a declaration under oath, within seven (7) days of the date of this Minute Order, that they have read both Local Civil Rule 5.2(a) and Federal Rule of Civil Procedure 5(d)(1)(A) and will use their best efforts to comply with both rules in the future.

(3)   With regard to the dates of birth and social security numbers of individuals who are not parties to this action, the Court DIRECTS as follows:

(a)   Plaintiffs' counsel shall send copies of this Minute Order along with letters to Dr. Gary Alan Goldfogel, Rebecca Lynn Hall, and Travis Kay Parke, advising them that their full names, dates of birth, social security numbers, and residential addresses were made publicly available when plaintiffs' attorneys filed unredacted copies of police reports related to this matter. Plaintiffs' counsel shall further explain that, although the Court has now taken steps to seal and shield such information from public view, the documents were on the public docket for more than ten weeks, might have been uploaded by private websites unrelated to and outside the control of the Court, and might still be generally available, perhaps for a fee. *See* www.pacermonitor.com; www.law360.com.

(b)   Within fourteen (14) days of the date of this Minute Order, plaintiffs' counsel shall file **under seal** a declaration under oath containing proof of mailing **and** proof of delivery of the letters described in Paragraph 3(a), above. In addition, at the same time, plaintiffs' counsel shall show cause why they should not be required to provide one year of credit monitoring for the individuals listed

MINUTE ORDER - 2

in Paragraph 3(a), above, and shall serve a copy of such show cause response on each person listed in Paragraph 3(a), above.

(c) Counsel for Compass Health and Heidi Zosal, namely Ramona N. Hunter, shall send a copy of this Minute Order along with a letter to Robert L. Piper, informing him that his full name, date of birth, and residential address were made publicly available when Ms. Hunter submitted to the Court an unredacted copy of the police report concerning decedent Kirk Daniel Powless's unauthorized possession of a bank card belonging to Mr. Piper. Ms. Hunter shall further explain that, although the Court has now taken steps to seal and shield such information from public view, the document was on the public docket for about a month, might have been uploaded by private websites unrelated to and outside the control of the Court, and might still be generally available, perhaps for a fee. See www.pacermonitor.com; www.law360.com.

(d) Within fourteen (14) days of the date of this Minute Order, Ms. Hunter shall file **under seal** a declaration under oath containing proof of mailing **and** delivery of the letter outlined in Paragraph 3(c), above. Because the police report attached to Ms. Hunter's declaration did not contain Mr. Piper's social security number, the failure to redact is less concerning, and the Court will not require Ms. Hunter to show cause why credit monitoring should not be offered, but Ms. Hunter is admonished for having not exercised more care given that the police report at issue indicated Mr. Piper had already been a victim of identity theft.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of December, 2021.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 3