The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARRIE A. ANDERSON, in her personal capacity and as Personal Representative of the Estate of KIRK DANIEL POWLESS, deceased; M.Q., a minor, by and through his mother and general guardian, GINA CAMPBELL, G.Q., a minor, by and through his mother and general guardian DEVIN KASSELL; Y.Q., a minor, by and through her mother and general guardian DEVIN KASSELL,

        Plaintiffs,

      vs.

WHATCOM COUNTY, et al.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:20-CV-01125-TSZ

DECLARATION OF GEORGE ROCHE

I, GEORGE ROCHE, am over the age of eighteen and competent to testify to the following:

1. I am the Civil Deputy Prosecuting Attorney.

2. Attached hereto as Exhibit 1 is a true and correct copy of Exhibit C from the Deposition of Carrie Anderson taken on August 17, 2021, which consists of St. Joseph's Hospital's Progress Note regarding Decedent, Kirk Powless on 11/23/2013.

DECLARATION OF GEORGE ROCHE IN SUPPORT
OF DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR JUDGMENT ON THE
PLEADINGS JUDGMENT 2:20-CV-01125-TSZ
- 1

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

3.  Attached hereto as Exhibit 2 is a true and correct copy of Exhibit A from the Deposition of Carrie Anderson taken on August 17, 2021, which consists of the Spillman log for Decedent, Kirk Powless dated 09/10/2018. Page 5 of this exhibit has a log of visitation.

4.  Attached hereto as Exhibit 3 is a true and correct copy of the transcript of the Deposition of Carrie Anderson taken on August 17, 2021.

5.  Attached hereto as Exhibit 4 is a true and correct copy of the relevant behavioral health services contract as signed by the County Executive [Whatcom County Contract No. 201611034].

I declare, under penalty of perjury under the laws of the United States, that the foregoing is a true and correct statement.

Signed at Bellingham, Washington this 1st day of November, 2021.

_____
GEORGE ROCHE

DECLARATION OF GEORGE ROCHE IN SUPPORT
OF DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR JUDGMENT ON THE
PLEADINGS JUDGMENT 2:20-CV-01125-TSZ
- 2

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2021, I caused to be delivered, via the US District Court Electronic filing portal, the foregoing document, to all attorneys of record.

I certify under penalty of perjury under the laws of the United States that the foregoing is a true and correct statement.

_____

ANNA E. WEBB

DECLARATION OF GEORGE ROCHE IN SUPPORT
OF DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR JUDGMENT ON THE
PLEADINGS JUDGMENT 2:20-CV-01125-TSZ
- 3

Whatcom County Prosecuting Attorney
311 Grand Ave., Suite 201
Bellingham, WA 98225
360.778.5710 Fax: 360.778.5711

EXHIBIT 1

EXHIBIT 2

EXHIBIT 3

EXHIBIT 4

| WHATCOM COUNTY CONTRACT INFORMATION SHEET | Whatcom County Contract No. 201611034 |
|---|---|

| Originating Department: | Sheriff/Corrections |
|---|---|
| Program/Project: *(i.e. Dept. Division and Project)* | Psychiatric Services in the Jail |
| Contract or Grant Administrator: | Laurie Reid |
| Contractor's / Agency Name: | Compass Health |

Is this a New Contract?   If not, is this an Amendment or Renewal to an Existing Contract?   Yes ☐   No ☐
Yes ☒   No ☐   If Amendment or Renewal, (per WCC 3.08.100 (a))  Original Contract #: _____

Does contract require Council Approval?   Yes ☒  No ☐   If No, include WCC: _____
(see Whatcom County Codes 3.06.010, 3.08.090 and 3.08.100)

Is this a grant agreement?
Yes ☐   No ☒   If yes, grantor agency contract number(s): _____   CFDA#: _____

Is this contract grant funded?
Yes ☐   No ☒   If yes, Whatcom County grant contract number(s): _____

Is this contract the result of a RFP or Bid process?          Contract
Yes ☒   No ☐   If yes, RFP and Bid number(s):  16-33        Cost Center: 118161.6635.006

Is this agreement excluded from E-Verify?   No ☐   Yes ☒   If no, include Attachment D Contractor Declaration form.

If YES, indicate exclusion(s) below:
☒ Professional services agreement for certified/licensed professional.
☐ Contract work is for less than $100,000.          ☐ Contract for Commercial off the shelf items (COTS).
☐ Contract work is for less than 120 days.          ☐ Work related subcontract less than $25,000.
☐ Interlocal Agreement (between Governments).     ☐ Public Works - Local Agency/Federally Funded FHWA.

| Contract Amount:(sum of original contract amount and any prior amendments):<br><br>$  90,000.00<br><br>This Amendment Amount:<br><br>$ _____<br><br>Total Amended Amount:<br><br>$ _____ | Contracts that require Council Approval (incl. agenda bill & memo)<br>• Professional Services Agreement above $20,000.<br>• Bid is more than $50,000.<br>• Professional Service Contract Amendments that have an increase greater than $20,000 and other contracts with a cumulative increase greater than $50,000.<br><br>RENEWALS: Council approval is not required when exercising an option to renew that is provided in the original contract. |
|---|---|

Summary of Scope: A psychiatrist and a psychiatric advanced nurse practitioner will work together as a team to perform psychiatric services at the Whatcom County Jail conducting evaluations and assessments on offenders referred for mental health services.

| Term of Contract: | 1 year | Expiration Date: | 12/31/17 |
|---|---|---|---|

Contract Routing:
| | | Date: | |
|---|---|---|---|
| 1. Prepared by: | LR | Date: | 11/03/16 |
| 2. Attorney signoff: | | Date: | 11/10/16 |
| 3. AS Finance reviewed: | | Date: | 11/14/16 |
| 4. IT reviewed (if IT related): | | Date: | |
| 5. Contractor signed: | ✓ | Date: | 11/22/16 |
| 6. Submitted to Exec.: | ✓ | Date: | 11/23/16 |
| 7. Council approved (if necessary): | ✓ | Date: | 12.6.16 |
| 8. Executive signed: | ✓ | Date: | 12.7.16 |
| 9. Original to Council: | ✓ | Date: | 12-9-16 |

Last edited 10/01/15

COUNTY ORIGINAL

Whatcom County Contract No.

201611034

## CONTRACT FOR SERVICES AGREEMENT
### For Psychiatric Services at the Whatcom County Jail and Work Center
### Between Whatcom County and Compass Health

Compass Health, hereinafter called **Provider** or (Contractor**)** and Whatcom County, hereinafter referred to as **County,** agree and contract as set forth in this Agreement, including:

General Conditions, pp.  3  to  8  ,
Exhibit A (Scope of Work), pp.  9 to 10
Exhibit B (Compensation), pp.  11
Exhibit C (Certificate of Insurance)

Copies of these items are attached hereto and incorporated herein by this reference as if fully set forth herein.

The term of this Agreement shall commence on the 1st day of January, 2017, and shall, unless terminated or renewed as elsewhere provided in the Agreement, terminate on the 31st day of December, 2017. The term of this Agreement may be renewed up to four (4) one year terms for a total of five (5) years by mutual agreement of the parties, with the last renewal ending December 31, 2021.  Notice of the intention to extend the Agreement shall be presented in writing by either party on or before December 1st of any year.

The general purpose or objective of this Agreement is to provide psychiatric services for the Whatcom County Jail and Work Center, as more fully and definitively described in Exhibit A hereto.  The language of Exhibit A controls in case of any conflict between it and that provided here.

The maximum consideration for the initial term of this agreement or for any renewal term shall not exceed $90,000.  The Contract Number, set forth above, shall be included on all billings or correspondence in connection therewith.

Provider acknowledges and by signing this contract agrees that the Indemnification provisions set forth in this Agreement, are totally and fully part of this contract and have been mutually negotiated by the parties.

**IN WITNESS WHEREOF**, the parties have executed this Agreement this  7th day of  December  , 20 16 .

**PROVIDER:**

COMPASS HEALTH

Tom Sebastian, President/CEO

STATE OF WASHINGTON          )
                                                              ) ss.
COUNTY OF Snohomish )

On this 22 day of Nov , 20 16, before me personally appeared Tom Sebastian to me known to be the President/CEO of Compass Health and who executed the above instrument and who acknowledged to me the act of signing and sealing thereof.

NOTARY PUBLIC in and for the State of Washington, residing at
Everett . My commission expires 2/1/2020

JILL TURNER
COMMISSION EXPIRES
NOTARY
PUBLIC
02-01-2020
STATE OF WASHINGTON

**WHATCOM COUNTY:**

**Recommended for Approval:**

_____   _____
Sheriff                                          Date

**Approved as to form:**

_____   _____
Prosecuting Attorney                     Date

**Approved:**

Accepted for Whatcom County:

By: _____
Jack Louws, Whatcom County Executive

STATE OF WASHINGTON        )
                                                 ) ss
COUNTY OF WHATCOM          )


On this ___7th___ day of ___December___, 20_16_, before me personally appeared Jack Louws, to me known to be the Executive of Whatcom County, who executed the above instrument and who acknowledged to me the act of signing and sealing thereof.

_____
NOTARY PUBLIC in and for the State of Washington,
residing at _Bellingham_. My commission expires
_12-31-18_.

**CONTRACTOR INFORMATION:**

COMPASS HEALTH

**Address:**
PO Box 3810, MS 35
Everett, WA  98213

**Contact Name**: Jill Turner
**Contact Phone**: 425-349-8397
**Contact Email**:  jill.turner@compassh.org

2017 Compass Health/Psychiatric Services                                                    2

## GENERAL CONDITIONS

1.  <u>Scope of Services</u>:  The Provider agrees to provide to the County services and any materials as set forth in the project narrative identified as Exhibit "A", during the agreement period.  No material, labor, or facilities will be furnished by the County, unless otherwise provided for in the Agreement.

2.  <u>Professional Licensure:</u>  As a condition of this Agreement, the Provider  shall  maintain  all  applicable licenses and certification requirements of the  profession to render services in this Agreement  and shall at all times during the term of this Agreement, meet all requirements of the State of Washington or other regulatory entity for such licensing, certification or credentialing.

3.  The Provider agrees to fully comply with all Federal, State, and local laws, rules and regulations relating to the subject matter of this Agreement.

4.  <u>Term:</u> Services provided by Provider prior to or after the term of this contract shall be performed at the expense of Provider and are not compensable under this contract unless both parties hereto agree to such provision in writing.  The term of this Agreement will be from January 1, 2017 to December 31, 2017 and may be renewed up to four (4) one-year terms for a total of five (5) years by mutual agreement of the parties and said Agreement is in writing and signed by both parties.

5.  <u>Termination for Default</u>:  If the Provider defaults by failing to perform any of the obligations of the contract or becomes insolvent or is declared bankrupt or commits any act of bankruptcy or insolvency or makes an assignment for the benefit of creditors, the County may, by depositing written notice to the Provider in the U.S. mail, first class postage prepaid, terminate the contract, and at the County's option, obtain performance of the work elsewhere.  Termination shall be effective upon Provider's receipt of the written notice, or within three (3) days of the mailing of the notice, whichever occurs first.  If the contract is terminated for default, the Provider shall not be entitled to receive any further payments under the contract until all work called for has been fully performed.  Any extra cost or damage to the County resulting from such default(s) shall be deducted from any money due or coming due to the Provider.  The Provider shall bear any extra expenses incurred by the County in completing the work, including all increased costs for completing the work, and all damage sustained, or which may be sustained by the County by reason of such default.

6.  <u>Termination for Public Convenience</u>:  The County may terminate the Agreement in whole or in part whenever the County determines, in its sole discretion that such termination is in the interests of the County.  Whenever the Agreement is terminated in accordance with this paragraph, the Provider shall be entitled to payment for actual work performed at unit contract prices for completed items of work.  An equitable adjustment in the contract price for partially completed items of work will be made, but such adjustment shall not include provision for loss of anticipated profit on deleted or uncompleted work.  Termination of this Agreement by the County at any time during the term, whether for default or convenience, shall not constitute breach of contract by the County.

7.  <u>Mutual Termination</u>: The parties can mutually agree to terminate the contract by a mutual termination agreement signed by both parties.

8.  <u>Accounting and Payment for Provider Services:</u>  Payment to the Provider for services rendered under this Agreement shall be as set forth in Exhibit "B."  Where Exhibit "B" requires payments by the County, payment shall be based upon written claims supported, unless otherwise provided in Exhibit "B," by documentation of units of work actually performed and amounts earned, including, where appropriate, the actual number of days worked each month, total number of hours for the month, and the total dollar payment requested, so as to comply with municipal auditing requirements.

    Unless specifically stated in Exhibit "B" or approved in writing in advance by the official executing this Agreement for the County or his designee (hereinafter referred to as the "Administrative Officer") the

County will not reimburse the Provider for any costs or expenses incurred by the Provider in the performance of this contract. Where required, the County shall, upon receipt of appropriate documentation, compensate the Provider, no more often than monthly, in accordance with the County's customary procedures, pursuant to the fee schedule set forth in Exhibit "B."

9.  Withholding Payment: In the event the County's Administrative Officer determines that the Provider has failed to perform any obligation under this Agreement within the times set forth in this Agreement, then the County may withhold from amounts otherwise due and payable to Provider the amount determined by the County as necessary to cure the default, until the Administrative Officer determines that such failure to perform has been cured. Withholding under this clause shall not be deemed a breach entitling Provider to termination or damages, provided that the County promptly gives notice in writing to the Provider of the nature of the default or failure to perform, and in no case more than 10 days after it determines to withhold amounts otherwise due. A determination of the Administrative Officer set forth in a notice to the Provider of the action required and/or the amount required to cure any alleged failure to perform shall be deemed conclusive, except to the extent that the Provider acts within the times and in strict accord with the provisions of the Disputes clause of this Agreement. The County may act in accordance with any determination of the Administrative Officer which has become conclusive under this clause, without prejudice to any other remedy under the Agreement, to take all or any of the following actions: (1) cure any failure or default, (2) to pay any amount so required to be paid and to charge the same to the account of the Provider, (3) to set off any amount so paid or incurred from amounts due or to become due the Provider. In the event the Provider obtains relief upon a claim under the Disputes clause, no penalty or damages shall accrue to Provider by reason of good faith withholding by the County under this clause.

10. Independent Provider: The Provider's services shall be furnished by the Provider as an independent Provider, and nothing herein contained shall be construed to create a relationship of employer-employee or master-servant, but all payments made hereunder and all services performed shall be made and performed pursuant to this Agreement by the Provider as an independent Provider.

The Provider acknowledges that the entire compensation for this Agreement is specified in Exhibit "B" and the Provider is not entitled to any benefits including, but not limited to: vacation pay, holiday pay, sick leave pay, medical, dental, or other insurance benefits, or any other rights or privileges afforded to employees of the County. The Provider represents that he/she/it maintains a separate place of business, serves clients other than the County, will report all income and expense accrued under this contract to the Internal Revenue Service on a Schedule C, and has a tax account with the State of Washington Department of Revenue for payment of all sales and use and Business and Occupation taxes collected by the State of Washington.

Provider will defend, indemnify and hold harmless the County, its officers, agents or employees from any loss or expense, including, but not limited to, settlements, judgments, setoffs, attorneys' fees or costs incurred by reason of claims or demands because of breach of the provisions of this paragraph.

11. No Guarantee of Employment: The performance of all or part of this contract by the Provider shall not operate to vest any employment rights whatsoever and shall not be deemed to guarantee any employment of the Provider or any employee of the Provider or any sub Provider by the County at the present time or in the future.

12. Confidentiality: The Provider its employees, sub Providers, and their employees shall maintain the confidentiality of all information provided by the County or acquired by the Provider in performance of this Agreement, except upon the prior written consent of the County or an order entered by a court after having acquired jurisdiction over the County. Provider shall immediately give to the County notice of any judicial proceeding seeking disclosure of such information. Provider shall indemnify and hold harmless the County, its officials, agents or employees from all loss or expense, including, but not limited to, settlements, judgments, setoffs, attorneys' fees and costs resulting from Provider's breach of this provision.

13. Right to Review: This contract is subject to review by any Federal, State or County auditor. The County or its designee shall have the right to review and monitor the financial and service components of this

program by whatever means are deemed expedient by the Administrative Officer or by the County Auditor's Office. Such review may occur with or without notice and may include, but is not limited to, on-site inspection by County agents or employees, inspection of all records or other materials which the County deems pertinent to the Agreement and its performance, and any and all communications with or evaluations by service recipients under this Agreement. The Provider shall preserve and maintain all financial records and records relating to the performance of work under this Agreement for three (3) years after contract termination, and shall make them available for such review, within Whatcom County, State of Washington, upon request. Provider also agrees to notify the Administrative Officer in advance of any inspections, audits, or program review by any individual, agency, or governmental unit whose purpose is to review the services provided within the terms of this Agreement. If no advance notice is given to the Provider, then the Provider agrees to notify the Administrative Officer as soon as it is practical.

14. <u>Proof of Insurance:</u> The Contractor shall carry for the duration of this Agreement general liability and property damage insurance with the following minimums: Workers Compensation insurance as required by law, Property Damage $500,000.00 per occurrence, Comprehensive General Liability & Property Insurance for bodily injury $1,000,000.00, to include, but not be limited to the following: premises/operation, independent contractors, personal injury, contractual liability with a combined single limit for bodily injury and property damage of $1,000,000.00. The certificate of such insurance must provide the following: The Certificate must identify and name Whatcom County, its elected officers and employees, as additional insured. This insurance shall be considered primary and shall waive all rights of subrogation. The County insurance shall be non-contributory. The Certificate will be attached as Exhibit "C". Proof of insurance shall be provided to the County annually.

15. <u>Defense & Indemnity Agreement:</u>  To the extent of its comparative liability, each party agrees to indemnify, defend and hold the other party, its elected and appointed officials, employees, agents and volunteers, harmless from and against any and all claims, damages, losses and expenses, including but not limited to court costs, attorney's fees and alternative dispute resolution costs, for any personal injury, for any bodily injury, sickness, disease or death and for any damage to or destruction of any property (including the loss of use resulting therefrom) which are alleged or proven to be caused by an act or omission, negligent or otherwise, of its elected and appointed officials, employees, agents or volunteers.

A party shall not be required to indemnify, defend, or hold the other party harmless if the claim, damage, loss or expense for personal injury, for any bodily injury, sickness, disease or death or for any damage to or destruction of any property (including the loss of use resulting therefrom) is caused by the sole act or omission of the other party.

In the event of any concurrent act or omission of the parties, negligent or otherwise, each party shall pay its proportionate share of any damages awarded based upon comparative liability. The parties agree to maintain a consolidated defense to claims made against them and to reserve all indemnity claims against each other until after liability to the claimant and damages, if any, are adjudicated. If any claim is resolved by voluntary settlement and the parties cannot agree upon apportionment of damages and defense costs, they shall submit apportionment to the binding arbitration.

It is further provided that no liability shall attach to the County by reason of entering into this contract, except as expressly provided herein. The parties specially agree that this agreement is for the benefit of the parties only and this agreement shall create no rights in any third party.

Each party shall promptly notify the other of any claim for which indemnity is sought, and shall cooperate fully with the other party in the investigation, defense and settlement of such claim. The indemnifying party shall have the sole discretion to defend and settle such claim.

The County will notify the Contractor if the County becomes aware of a possible claim from any incident involving offender health care or services provided by the Contractor under this contract. The notification must be in writing and in no more than 60 days from the date such claims are filed. Notification must include the names and addresses of the possible claimant and witnesses and a description of the actual or alleged incident, and copies of any demands, notices, summonses, or legal papers received under the claim

or suit. The County shall authorize the Contractor to obtain records and other information as needed to investigate any claim or suit where Contractor services may be involved, provided Federal and State medical confidentiality laws are followed as they pertain to offender health records.

16. <u>Non-Discrimination in Client Services:</u> The Provider shall not discriminate on the grounds of race, color, creed, religion, national origin, sex, age, marital status, disability, sexual orientation, or veteran status or any other basis in law; or deny an individual or business any service or benefits under this Agreement; or subject an individual or business to segregation or separate treatment in any manner related to his/her/its receipt any service or services or other benefits provided under this Agreement; or deny an individual or business an opportunity to participate in any program or receive services provided by this Agreement..

17. <u>Conflict of Interest:</u> If at any time prior to commencement of, or during the term of this Agreement, Provider or any of its employees involved in the performance of this Agreement shall have or develop an interest in the subject matter of this Agreement that is potentially in conflict with the County's interest, then Provider shall immediately notify the County of the same. The notification of the County shall be made with sufficient specificity to enable the County to make an informed judgment as to whether or not the County's interest may be compromised in any manner by the existence of the conflict, actual or potential. Thereafter, the County may require the Provider to take reasonable steps to remove the conflict of interest. The County may also terminate this contract according to the provisions herein for termination.

18. <u>Administration of Contract:</u> This Agreement shall be subject to all laws, rules, and regulations of the United States of America, the State of Washington, and political subdivisions of the State of Washington. The Provider also agrees to comply with applicable federal, state, county or municipal standards for licensing, certification and operation of facilities and programs, and accreditation and licensing of individuals.

The County hereby appoints, and the Provider hereby accepts, the Whatcom County Executive, and his or her designee, as the County's representative, hereinafter referred to as the Administrative Officer, for the purposes of administering the provisions of this Agreement, including the County's right to receive and act on all reports and documents, and any auditing performed by the County related to this Agreement. The Administrative Officer for purposes of this agreement is:

| **COUNTY** | **PROVIDER** |
|---|---|
| Wendy Jones, Chief Corrections Deputy | Compass Health |
| Whatcom County Sheriff's Office/Corrections | Tom Sebastian, President/CEO |
| 311 Grand Avenue | P.O. Box 3810, MS 30 |
| Bellingham, WA 98225 | Everett, WA 98213 |
| Phone: (360) 778-6505 | Phone: (425) 349-8418 |

19. <u>Modifications:</u> Either party may request changes in the Agreement. Any and all agreed modifications, to be valid and binding upon either party, shall be in writing and signed by both of the parties.

20. <u>Severability:</u> If any term or condition of this contract or the application thereof to any person(s) or circumstances is held invalid, such invalidity shall not affect other terms, conditions or applications which can be given effect without the invalid term, condition or application. To this end, the terms and conditions of this contract are declared severable.

21. <u>Waiver:</u> Waiver of any breach or condition of this contract shall not be deemed a waiver of any prior or subsequent breach. No term or condition of this contract shall be held to be waived, modified or deleted except by an instrument, in writing, signed by the parties hereto. The failure of the County to insist upon strict performance of any of the covenants and agreements of this Agreement, or to exercise any option herein conferred in any one or more instances, shall not be construed to be a waiver or relinquishment of any such, or any other covenants or agreements, but the same shall be and remain in full force and effect.

22. Disputes:
    a.   General:
Differences between the Provider and the County, arising under and by virtue of the Contract Documents, shall be brought to the attention of the County at the earliest possible time in order that such matters may be settled or other appropriate action promptly taken.  Except for such objections as are made of record in the manner hereinafter specified and within the time limits stated, the records, orders, rulings, instructions, and decisions of the Administrative Officer shall be final and conclusive.
    b.   Notice of Potential Claims:
The Provider shall not be entitled to additional compensation which otherwise may be payable, or to extension of time for (1) any act or failure to act by the Administrative Officer or the County, or (2) the happening of any event or occurrence, unless the Provider has given the County a written Notice of Potential Claim within ten (10) days of the commencement of the act, failure, or event giving rise to the claim, and before final payment by the County.  The written Notice of Potential Claim shall set forth the reasons for which the Provider believes additional compensation or extension of time is due, the nature of the cost involved, and insofar as possible, the amount of the potential claim.  Provider shall keep full and complete daily records of the work performed, labor and material used, and all costs and additional time claimed to be additional.
    c.   Detailed Claim:
The Provider shall not be entitled to claim any such additional compensation, or extension of time, unless within thirty (30) days of the accomplishment of the portion of the work from which the claim arose, and before final payment by the County, the Provider has given the County a detailed written statement of each element of cost or other compensation requested and of all elements of additional time required, and copies of any supporting documents evidencing the amount or the extension of time claimed to be due.
    d.   Arbitration:
Other than claims for injunctive relief brought by a party hereto (which may be brought either in court or pursuant to this arbitration provision), and consistent with the provisions hereinabove, any claim, dispute or controversy between the parties under, arising out of, or related to this Agreement or otherwise, including issues of specific performance, shall be determined by arbitration in Bellingham, Washington, under the applicable American Arbitration Association (AAA) rules in effect on the date hereof, as modified by this Agreement.  There shall be one arbitrator selected by the parties within ten (10) days of the arbitration demand, or if not, by the AAA or any other group having similar credentials.  Any issue about whether a claim is covered by this Agreement shall be determined by the arbitrator.  The arbitrator shall apply substantive law and may award injunctive relief, equitable relief (including specific performance), or any other remedy available from a judge, but shall not have the power to award punitive damages.  The decision of the arbitrator shall be final and binding and an order confirming the award or judgment upon the award may be entered in any court having jurisdiction.  The parties agree that the decision of the arbitrator shall be the sole and exclusive remedy between them regarding any dispute presented or pled before the arbitrator.  At the request of either party made not later than forty-five (45) days after the arbitration demand, the parties agree to submit the dispute to nonbinding mediation, which shall not delay the arbitration hearing date; provided, that either party may decline to mediate and proceed with arbitration.  Each party will pay their own costs, fees, including attorney's fees for all arbitration costs, except the parties agree to split the cost of the Arbitrator's fee.  Unless otherwise specified herein, this Agreement shall be governed by the laws of Whatcom County and the State of Washington.

23. Venue and Choice of Law:  In the event that any litigation should arise concerning the construction or interpretation of any of the terms of this Agreement, the venue of such action of litigation shall be in the courts of the State of Washington in and for the County of Whatcom or adjacent County.  This Agreement shall be governed by the laws of the State of Washington.

24. No Assignment:  Neither this Agreement nor any rights or obligations hereunder shall be assigned by either party without the prior written consent of both parties.

25. No Third Party Beneficiaries.  Nothing express or implied in this Agreement is intended to confer, nor shall anything herein confer, upon any person other than the parties and the respective successors or permitted assigns of the parties, any rights, remedies, obligations, or liabilities whatsoever.

26. <u>Entire Agreement:</u>  This written Agreement, comprised of the writings signed or otherwise identified and attached hereto, represents the entire Agreement between the parties and supersedes any prior oral statements, discussions or understandings between the parties.

**EXHIBIT "A"**
**SCOPE OF WORK**

**Services to be performed:**

1. When available and as needed, a Psychiatrist and/or psychiatric advanced nurse practitioner (P-ARNP) will perform psychiatric services described herein at the Whatcom County Jail. The Psychiatrist and the P-ARNP shall work as a team to provide these services. The average psychiatry hours of service are anticipated to be approximately 8 hours a week. The hours may be used flexibly month to month, and the amount of hours will shift between psychiatric practitioners as need demands. Both the Psychiatrist and P-ARNP will review or conduct evaluations and assessments on offenders referred for mental health services, prescribe medications as appropriate, provide follow up management for offenders who are on psychotropic medications, and review charts of all inmates on psychotropic medications. Additionally, the Psychiatrist will conduct chart reviews on site and be available to Jail Health staff for consultation.

2. Inmates will be referred to Psychiatric Services by Jail Health staff, JHP, the Jail MHP or the Jail Re-entry Specialist.

3. The services provided will include:
   a. Evaluation of suicide and violence risk
   b. Evaluation of suspected psychiatric conditions
   c. Evaluation of those inmates who appear extremely disturbed or exhibit bizarre behavior
   d. Prescribe those psychotropic medications necessary and customarily given for the treatment of serious psychiatric illnesses
   e. Order and review appropriate lab tests when indicated
   f. Follow up and monitor, as time allows, the effects of such medication and treatment
   g. For sentenced inmates, consultation to review the appropriateness of private psychiatric care
   h. Work collaboratively with the Jail's Mental Health Program, and Case Manager
   i. Attend quarterly medical meetings
   j. Arrange to have an annual written peer review completed encompassing the work of the primary psychiatrist working in the jail. Peer reviews will not be required for professionals filling vacation or sick leave hours. Copies of the annual review will be forwarded to the Chief Corrections Deputy or her designee no later than December 31st of each year.
   k. On-call services will be available to the JHP Monday through Friday during normal business hours. The JHP will contact the psychiatrist by leaving messages at Compass Health, with an anticipated call-back period of 3 hours.

4. Teach Corrections Deputies and Jail Nurses about recognition of psychiatric illness, treatment of those illnesses, and precautions to be taken.

5. After seeing an inmate, the psychiatrist/ARNP will record necessary history, findings, diagnoses and orders for treatment, including any special monitoring for suicidal or self-harming behavior, on the Permanent Jail Health Record. Information can be entered directly into the chart or be provided as a separate sheet for inclusion in the inmate's medical chart. In either instance, chart notations shall be made the same day as the clinician sees the inmate.

6. It is anticipated that the majority of interactions with the offenders will take place in the Downtown Jail health clinic. However, due to the activity of the population, clinicians will be asked to see offenders in their housing units if the offender is refusing to come to clinic or if it may not be safe to have them in the clinic area. In cases where there is determined to be a risk to clinicians or staff, Corrections Deputies will provide additional security.

7. The psychiatrist's/ARNP's hours of work will occur between 9:00 a.m. and 5:00 p.m., Monday through Friday, as is most convenient for the psychiatrist and the Jail. Hours can be flexed upon mutual agreement of the clinicians and the Jail.

8. Any and all providers of services within this contract shall, prior to providing services to the County, apply for and be granted Whatcom County Jail access. This is done by completing a form at the Whatcom County Jail Work Center (2030 Division St., Bellingham, WA 98226). Access will only be denied for cause, and the provider will be notified of any issues as soon as the County becomes aware of them.

9. The psychiatrist and ARNP team shall work collaboratively with the Jail and JHP staff to maintain NCCHC accreditation through compliance with NCCHC standards for Jail Mental Health.

**EXHIBIT "B"**
**(COMPENSATION)**

**BILLING FOR SERVICES RENDERED**

The Provider shall provide the County a monthly invoice for services rendered. The rate of pay for services rendered shall be $200.00 per hour not to exceed 450 hours for the year.

The maximum annual compensation rate under this agreement shall not exceed $90,000.00 and will include all services described herein.

Invoices submitted at the beginning of the month shall be paid by the end of the month. It is understood that at the end of the calendar year, all bills for service must be presented to the county by January 10th of the following year.

Exhibit "G"

3/1/2017

# ACORD™  CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 2/25/2016 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | Lockton Companies<br>8110 E. Union Avenue<br>Suite 700<br>Denver CO 80237<br>(303) 414-6000 | | CONTACT NAME: | | |
|---|---|---|---|---|---|
| | | | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | | | E-MAIL ADDRESS: | | |
| | | | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| | | | INSURER A : Arch Specialty Insurance Company | | 21199 |
| INSURED | Compass Health, Inc. | | INSURER B : Philadelphia Indemnity Insurance Company | | 18058 |
| 1350612 | 4526 Federal Avenue<br>Everett, WA 98203 | | INSURER C : | | |
| | | | INSURER D : | | |
| | | | INSURER E : | | |
| | | | INSURER F : | | |

## COVERAGES  CERTIFICATE NUMBER: 13101893  REVISION NUMBER: XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A<br>A | **COMMERCIAL GENERAL LIABILITY** X<br>CLAIMS-MADE [X] OCCUR | Y | Y | FLP005371303<br>WASHINGTON STOP GAP | 3/1/2016<br>3/1/2016 | 3/1/2017<br>3/1/2017 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY [ ] PRO-JECT [ ] LOC [ ]<br>OTHER | | | | | | GENERAL AGGREGATE | $ 3,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 3,000,000 |
| | | | | | | | | $ |
| B | **AUTOMOBILE LIABILITY**<br>X ANY AUTO<br>ALL OWNED AUTOS [ ] SCHEDULED AUTOS [ ]<br>X HIRED AUTOS X NON-OWNED AUTOS | N | N | PHPK1460476 | 3/1/2016 | 3/1/2017 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | | | | | | | $ XXXXXXX |
| A | **UMBRELLA LIAB** X OCCUR<br>**EXCESS LIAB** X CLAIMS-MADE<br>DED [ ] RETENTION $ | N | N | FLP005371303 | 3/1/2016 | 3/1/2017 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | AGGREGATE | $ 2,000,000 |
| | | | | | | | | $ XXXXXXX |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [ ] N/A<br>(Mandatory in NH)<br>If yes, describe under<br>DESCRIPTION OF OPERATIONS below | | | NOT APPLICABLE | | | PER STATUTE [ ] OTH-ER [ ] | |
| | | | | | | | E.L. EACH ACCIDENT | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ XXXXXXX |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ XXXXXXX |
| A<br>B | Professional Liability<br>Property | N | N | FLP005371303<br>PHPK1460476 | 3/1/2016<br>3/1/2016 | 3/1/2017<br>3/1/2017 | 1M/Claim 3M Agg<br>Sexual Abuse 1M/1M<br>Bldg $38,641,497; BPP $6,754,020<br>BI $19,630,229 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
RE: 3645 East McLeod Road, Bellingham, WA 98226

| CERTIFICATE HOLDER | CANCELLATION  See Attachment |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| 13101893<br><br>Whatcom County<br>311 Grand Avenue<br>Bellingham WA 98225 | AUTHORIZED REPRESENTATIVE<br><br>*Charles M. McDaniel* |

ACORD 25 (2014/01)

©1988-2014 ACORD CORPORATION. All rights reserved

The ACORD name and logo are registered marks of ACORD

**WHATCOM COUNTY**
**SHERIFF'S OFFICE**

**BILL ELFO**
*SHERIFF*

*PUBLIC SAFETY BUILDING*
*311 Grand Avenue*
*Bellingham, WA 98225-4078*
*(360) 676-6650*

JEFF PARKS
*UNDERSHERIFF*
**ART EDGE**
*CHIEF DEPUTY*
**DOUG CHADWICK**
*CHIEF DEPUTY*
**STEVE COOLEY**
*CHIEF INSPECTOR*
**WENDY JONES**
*CHIEF OF CORRECTIONS*

**RECEIVED**

NOV 2 3 2016

**JACK LOUWS**
**COUNTY EXECUTIVE**

## MEMORANDUM

**TO:**     Jack Louws, County Executive

**FROM:**   Bill Elfo, Sheriff

**RE:**     2017 Contract for Services Agreement for Psychiatric Services at the
            Whatcom County Jail and Work Center

**DATE:**   November 3, 2016

---

Enclosed are two (2) originals of the 2017 Contract for Services Agreement for
Psychiatric Services at the Whatcom County Jail and Work Center.

- **Background and Purpose**
Compass Health was the sole applicant for offender psychiatric services for the Jail
and Work Center. We have been working with Compass since their merger with
Whatcom Counseling and Psychiatric Clinic and found their clinicians have an
excellent understanding of offender populations. In addition, their level of care
provides a valuable service required for our accreditation with the National
Commission on Correctional Health Care. An additional benefit has been closer
collaboration with their outpatient clinic to provide continuity of care to offenders
being released from custody.

- **Funding Amount and Source**
Monies for this contract are provided by revenues generated from the Mental
Health/Chemical Dependency Sales tax.   The annual maximum compensation is
$90,000.00

- **Differences from Previous Contract**
The hourly rate has increased to reflect higher costs to the contractor, and the number
of hours provided more closely represent those actually needed for this service.

Please contact Wendy Jones at extension 6505, if you have any questions or concerns
regarding the terms of this agreement.

Encl.

---

Our Vision: The Office of Sheriff: *Dedicated to making Whatcom County the Safest in the State through Excellence in Public Safety.*

<table>
<tr><td colspan="2" align="center"><b>WHATCOM COUNTY CONTRACT<br>INFORMATION SHEET</b></td><td>Whatcom County Contract No.<br><u>201611034-1</u></td></tr>
</table>

| | |
|---|---|
| Originating Department: | **Sheriff/Corrections** |
| Program/Project: *(i.e. Dept. Division and Project)* | **Psychiatric Services in the Jail** |
| Contract or Grant Administrator: | **Laurie Reid** |
| Contractor's / Agency Name: | **Compass Health** |

Is this a New Contract?    If not, is this an Amendment or Renewal to an Existing Contract?    Yes ☑  No ☐
Yes ☐    No ☒    If Amendment or Renewal, (per WCC 3.08.100 (a))  Original Contract #:    201611034

Does contract require Council Approval?    Yes ☐    No ☒        If No, include WCC:    3.08.100 A
(see Whatcom County Codes 3.06.010, 3.08.090 and 3.08.100)

Is this a grant agreement?
Yes ☐    No ☒        If yes, grantor agency contract number(s):                    CFDA#:

Is this contract grant funded?
Yes ☐    No ☒        If yes, Whatcom County grant contract number(s):

Is this contract the result of a RFP or Bid process?                Contract
Yes ☑    No ☐    If yes, RFP and Bid number(s):    16-33        Cost Center:    118161.6635.006

Is this agreement excluded from E-Verify?    No ☐    Yes ☑    If no, include Attachment D Contractor Declaration form.

If YES, indicate exclusion(s) below:
☑ Professional services agreement for certified/licensed professional.
☐ Contract work is for less than $100,000.            ☐ Contract for Commercial off the shelf items (COTS).
☐ Contract work is for less than 120 days.            ☐ Work related subcontract less than $25,000.
☐ Interlocal Agreement (between Governments).        ☐ Public Works - Local Agency/Federally Funded FHWA.

| Contract Amount:(sum of original contract amount and any prior amendments):<br><br>$   90,000.00 <br><br>This Amendment Amount:<br><br>$   *Same*<br><br>Total Amended Amount:<br><br>$ | Contracts that require Council Approval (incl. agenda bill & memo)<br>• Professional Services Agreement above $20,000.<br>• Bid is more than $50,000.<br>• Professional Service Contract Amendments that have an increase greater than $20,000 and other contracts with a cumulative increase greater than $50,000.<br><br>RENEWALS: Council approval is not required when exercising an option to renew that is provided in the original contract. |
|---|---|

Summary of Scope:  A psychiatrist and a psychiatric advanced nurse practitioner work together as a team to perform psychiatric services at the Whatcom County Jail conducting evaluations and assessments on offenders referred for mental health services.

| Term of Contract:   1 year | Expiration Date:   12/31/18 |
|---|---|

Contract Routing:    1. Prepared by:   LR                                Date:   10/30/17
                    2. Attorney signoff:   *Halfinny*                    Date:   10/30/17
                    3. AS Finance reviewed:   *Sbennett*                 Date:   10/31/17
                    4. IT reviewed (if IT related):                      Date:
                    5. Contractor signed:   ✓                            Date:   12-6-17
                    6. Submitted to Exec.:   ✓                           Date:   12-12-17
                    7. Council approved (if necessary):   ✓              Date:   12/12/17
                    8. Executive signed:   ✓                             Date:   12-12-17
                    9. Original to Council:                              Date:

Last edited 10/01/15

COUNTY ORIGINAL

| Whatcom County Contract No. |
| --- |
| 201611034-1 |

**Amendment No. 1**
**Whatcom County Contract No. 201611034**
**CONTRACT BETWEEN WHATCOM COUNTY AND**
**COMPASS HEALTH**

**THIS AMENDMENT** is to the Psychiatric Services Contract between Whatcom County and Compass Health, dated December 7, 2016 and designated "Whatcom County Contract #201611034". In consideration of the mutual benefits to be derived, the parties agree to the following:

This Amendment extends the term of this Agreement through December 31, 2018.

Unless specifically amended by this agreement, all other terms and conditions of the original agreement and any previous amendments shall remain in full force and effect.

This Amendment takes effect:  January 1, 2018, regardless of the date of signature.

**IN WITNESS WHEREOF**, the parties have executed this Agreement this _12th_ day of _December_ 20 _17_.

**CONTRACTOR:**

COMPASS HEALTH

_____
Tom Sebastian, President/CEO

STATE OF WASHINGTON      )
                                            ) ss.
COUNTY OF _Snohomish_      )

On this _6_ day of _Dec_, 20 _17_, before me personally appeared Tom Sebastian, to me known to be the President/CEO of Compass Health, and who executed the above instrument and who acknowledged to me the act of signing  and sealing thereof.

_Melissa Judd_
NOTARY PUBLIC in and for the State of Washington, residing at _Everett, WA_.  My commission expires _5/4/20_.

[Notary seal: MELISSA JUDD — COMMISSION EXPIRES — NOTARY PUBLIC — 05-04-2020 — STATE OF WASHINGTON]

2018 Compass Health/Psychiatric Services
Jail and Work Center                              1

**WHATCOM COUNTY:**

**Recommended for Approval:**

_____   _____
Sheriff                          Date

**Approved as to form:**

_____   _____
Prosecuting Attorney              Date

**Approved:**

Accepted for Whatcom County:

By: _____
Jack Louws, Whatcom County Executive

STATE OF WASHINGTON    )
                       ) ss
COUNTY OF WHATCOM      )


On this _____ day of _____, 20___ before me personally appeared Jack Louws, to me known to be the Executive of Whatcom County, who executed the above instrument and who acknowledged to me the act of signing and sealing thereof.

_____
NOTARY PUBLIC in and for the State of Washington, residing at _____ My commission expires _____


**CONTRACTOR INFORMATION:**

COMPASS HEALTH

**Address:**
PO Box 3810 – MS 31
Everett, WA  98213-8810

**Contact Name**: Jill Turner
**Contact Phone**: 425-349-8397
**Contact Fax**:  Jill.Turner@compassh.org


2018 Compass Health/Psychiatric Services
Jail and Work Center                  2

WHATCOM COUNTY
SHERIFF'S OFFICE

**BILL ELFO**
*SHERIFF*

*PUBLIC SAFETY BUILDING*
*311 Grand Avenue*
*Bellingham, WA 98225-4078*
*(360) 676-6650*



**RECEIVED**

DEC 1 2 2017

JACK LOUWS
COUNTY EXECUTIVE

LEE PARKS
*UNDERSHERIFF*
**ART EDGE**
*CHIEF DEPUTY*
**DOUG CHADWICK**
*CHIEF DEPUTY*
**STEVE COOLEY**
*CHIEF INSPECTOR*
**WENDY JONES**
*CHIEF OF CORRECTIONS*

**MEMORANDUM**

**TO:** Jack Louws, County Executive

**FROM:** Bill Elfo, Sheriff

**RE:** 2018 Contract for Services Agreement for Psychiatric Services at the Whatcom County Jail and Work Center

**DATE:** October 26, 2017

---

Enclosed are two (2) originals of Amendment #1 to the Contract for Services Agreement for Psychiatric Services at the Whatcom County Jail and Work Center.

▪ **Background and Purpose**

This Amendment renews the Agreement for Psychiatric Services. We have been working with Compass since their merger with Whatcom Counseling and Psychiatric Clinic and found their clinicians have an excellent understanding of offender populations. In addition, their level of care provides a valuable service required for our accreditation with the National Commission on Correctional Health Care. An additional benefit has been closer collaboration with their outpatient clinic to provide continuity of care to offenders being released from custody.

▪ **Funding Amount and Source**

Monies for this contract are provided by revenues generated from the Mental Health/Chemical Dependency Sales tax. The annual maximum compensation is $90,000.00

▪ **Differences from Previous Contract**

No differences.

Please contact Wendy Jones at extension 6505, if you have any questions or concerns regarding the terms of this agreement.

Encl.

---