UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARRIE A. ANDERSON, individually and as Personal Representative of the Estate of Kirk Daniel Powless; M.Q., a minor; G.Q., a minor; and Y.Q., a minor,

Plaintiffs,

v.

WHATCOM COUNTY; BILL ELFO; WENDY JONES; VIOLET IGNASHOVA; KYLE PRITCHARD; STEWART ANDREWS; CHRIS FREEMAN; HEIDI ZOSEL; CALEB ERICKSON; SALLY ANDREWS; and COMPASS HEALTH,

Defendants.

C20-1125 TSZ

ORDER

The parties' stipulated motion to approve settlement and dismiss this matter, docket no. 134, is GRANTED as follows:

(1) Having reviewed the report of Settlement Guardian ad Litem ("GAL") Michael B. Smith, docket no. 132, the Court CONCLUDES that the proposal for defendants[1] to pay $500,000.00 to settle the claims of all plaintiffs, including M.Q., G.Q., and Y.Q., who are minors, is reasonable, and the settlement is APPROVED.

---

[1] The GAL's report states that defendant Whatcom County will pay the entire settlement amount, but the parties have clarified that each defendant will contribute in varying sums.

ORDER - 1

(2) Gina Campbell is authorized to execute a release of M.Q.'s claim or claims and all documents relating to the settlement. Devin Kassell is authorized to execute a release of G.Q.'s and Y.Q.'s claim or claims and all documents relating to the settlement.

(3) The gross settlement funds shall be disbursed as follows:

| | |
|---|---:|
| GAL fees and costs payable to Michael B. Smith and/or Comfort Davies Smith & Crawford P.S. | $4,400.00 |
| Attorney's fees payable to Galanda Broadman PLLC | $200,000.00 |
| Costs reimbursed to Galanda Broadman PLLC | $108,321.71 |
| Funeral expenses reimbursed to Carrie A. Anderson | <u>$4,598.04</u> |
| Net settlement proceeds | $182,680.25 |

(4) The net settlement proceeds shall be distributed as follows:

| | |
|---|---:|
| M.Q. | $45,670.07 |
| G.Q. | $45,670.06 |
| Y.Q. | $45,670.06 |
| Carrie A. Anderson[2] | $45,670.06 |

(5) The amounts allocated to M.Q., G.Q., and Y.Q. shall be used to purchase structured annuities in the form described in Exhibit A to the GAL's report, docket no. 132 at 6–7.[3] Such structured annuities shall be funded directly by defendants.

---

[2] The GAL's report reflects that the probate estate and Ms. Anderson will be paid $56,678.29. This figure is not consistent with the proposal for each plaintiff to receive twenty-five percent (25%) of the net settlement. The GAL appears to have allocated $45,000 to each minor, and the remaining balance, after deducting only attorney's fees and costs, to Ms. Anderson, without accounting for the GAL's own fees and costs.

[3] Exhibit A to the GAL's report shows structured annuities costing $50,000 per minor, but each minor will receive about ten percent (10%) less than that amount from the settlement. Exhibit A is understood as setting forth only an estimate of the annual income for five (5) years beginning

ORDER - 2

(6) Defendants shall also directly pay the GAL.  The balance of the settlement proceeds, *i.e.*, 358,589.81, which represents the gross amount ($500,000.00) minus the GAL's fees ($4,400.00) and the total cost of the structured annuities ($137,010.19), shall be paid to Galanda Broadman PLLC, for distribution in the manner set forth in this Order.

(7) Michael B. Smith of Comfort Davies Smith & Crawford P.S. is hereby DISCHARGED from all duties and obligations as GAL in connection with his appointment in this matter.

(8) The parties having reached a settlement in principle, which has been approved by the Court pursuant to Local Civil Rule 17(c), and the parties having identified no issue remaining for the Court's determination, the parties' stipulation, docket no. 122, to dismiss all claims against the individual defendants is APPROVED,[4] and this case is hereby DISMISSED with prejudice, provided that, in the event the approved settlement is not perfected, any party may move, within sixty (60) days of the date of this Order, to reopen the matter and trial will be scheduled; and

---

at age eighteen (18) and of the lump sum payment at age twenty-four (24).  The actual payouts will likely be less given the lower amounts actually due to the minors.

[4] The Court previously deferred, pending review of the GAL's report, consideration of the parties' stipulation, docket no. 122, to dismiss plaintiffs' claims against defendants Bill Elfo, Wendy Jones, Violet Ignashova, Kyle Pritchard, Stewart Andrews, Chris Freeman, Heidi Zosel, Caleb Erickson, and Sally Andrews.  *See* Order at ¶ 4 (docket no. 125).

ORDER - 3

(9)     The Clerk is directed to send a copy of this Order to all counsel of record and to Michael B. Smith, Comfort Davies Smith & Crawford P.S., 1901 65th Ave. W., Suite 200, Fircrest, WA  98466-6225, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 18th day of March, 2022.

Thomas S. Zilly
United States District Judge

ORDER - 4